**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1714-19

VALENTINA TARTIVITA,

    Plaintiff-Respondent,

v.

BOROUGH OF UNION BEACH,

    Defendant-Appellant.

_____

> Argued February 3, 2021 – Decided May 6, 2021
>
> Before Judges Sumners and Mitterhoff.
>
> On appeal from the Tax Court of New Jersey, Docket No. 007705-2018.
>
> Martin Allen argued the cause for appellant (DiFrancesco, Bateman, attorneys; Martin Allen, of counsel; Kevin A. McDonald and Wesley E. Buirkle, on the briefs).
>
> Paul Tannenbaum argued the cause for respondent (Zipp & Tannenbaum, LLC, attorneys; Peter J. Zipp and Paul Tannenbaum, of counsel and on the brief; Joseph G. Buro, on the brief).

PER CURIAM

Defendant Borough of Union Beach (Borough) appeals the December 9, 2019 Tax Court judgment reversing the Monmouth County Board of Taxation's $196,700 assessment for the 2018 tax year—an approximately forty-six percent increase from the 2017 tax assessment of $135,000—regarding plaintiff Valentina Tartivita's residence (the property). The Tax Court concluded that based on the Freeze Act, N.J.S.A. 54:51A-8 and N.J.S.A. 54:3-26, the property's tax assessment for 2017 should remain the same for 2018, because "the Borough [did] not overcome its burden to prove that the Freeze Act relief [did] not comply . . . ." The Tax Court emphasized that the Borough failed perform an annual reassessment of every Borough property under the Real Property Assessment Demonstration Program (ADP) law, N.J.S.A. 54:1-101 to -106. We affirm substantially for the reasons set forth in Tax Court Judge Mala Sundar's cogent written decision. Tartivita v. Borough of Union Beach, 31 N.J. Tax 335, 339 (Tax 2019). We add only the following comments.

In reviewing a Tax Court judgment, "[w]e recognize the expertise of the [judge] in this 'specialized and complex area.'" Advance Hous., Inc. v. Twp. of Teaneck, 215 N.J. 549, 566 (2013) (quoting Metromedia, Inc. v. Dir., Div. of Tax'n, 97 N.J. 313, 327 (1984)). Judge Sundar's factual findings "are supported by substantial credible evidence with due regard to [her] expertise." Yilmaz,

Inc. v. Dir., Div. of Tax'n, 390 N.J. Super. 435, 443 (App. Div. 2007) (quoting First Republic Corp. of Am. v. Borough of E. Newark, 17 N.J. Tax 531 (App. Div. 1998)).  Based upon our de novo review of the judge's legal conclusions, we find no error.  See United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Tax'n, 430 N.J. Super. 1, 8 (App. Div. 2013).

The Borough's contention that its ADP reassessment constituted a complete reassessment to preclude the property from the Freeze Act's protection is not supported by the record.  Under the ADP reassessment, only twenty percent of the total line items (properties) were thoroughly inspected by the tax assessor, and of the total line items, many had a less than one percent tax assessment change, either positively or negatively.  This is not "a significant difference in the aggregate assessed valuation of that taxing district from one year to a following year, other than that caused by inclusion of added assessments or other new construction," to qualify as a complete assessment to circumvent the Freeze Act and to increase the property's tax assessment for the 2018 tax year.  Ennis v. Alexandria Twp. (Hunterdon County), 13 N.J. Tax 423, 426-27 (Tax 1993) (quoting Handbook for New Jersey Assessors, §801.13 (3d ed. 1989)); see also Appeal of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 28 (1961) ("[N]othing short of complete revaluation, parcel by parcel, plus

appropriate measures to keep the rolls current can achieve equality."). The Borough has not carried its burden of proof to demonstrate that the Freeze Act does not apply here. See Clearview Gardens Assocs. v. Parsippany-Troy Hills Twp., 196 N.J. Super. 323, 330 (App. Div. 1984).

We also reject the Borough's contention that the application of the Freeze Act to Tartivita's 2018 tax assessment violates the Uniformity Clause of the New Jersey Constitution. Although the issue was not raised before the Tax Court, we will consider it because it "concern[s] [a] matter[] of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

The Uniformity Clause of our constitution provides:

> Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which [it] is situated, for the use of such taxing district.
>
> [N.J. Const. art. VIII, § 1, ¶ 1(a).]

The Borough's reliance on Regent Care Ctr., Inc. v. Hackensack City, 362 N.J. Super. 403, 415 (App. Div. 2003), to overturn the Tax Court's judgment is misplaced. There, we recognized that the uniformity clause is to "mandate

4

equality of treatment and burden," thus "[p]eriodic revaluations or reassessments are feasible and are necessary to maintain uniform and non-discriminatory assessments."  Ibid. (citations omitted).

Keeping the property's tax assessment static in 2018, due to the Freeze Act, would have been superseded had the Borough conducted a complete reassessment to establish a substantial and meaningful change in the property's value between tax years 2017 and 2018.  The Borough has therefore made no showing that the Freeze Act violated the uniformity clause.  See Bell v. Twp. of Stafford, 110 N.J. 384, 394 (1988) ("[O]rdinarily legislative enactments are presumed to be valid and the burden to prove invalidity is a heavy one.").  There is no indication that the property was given unequal treatment.  The Borough has not shown that freezing the property's assessment at the 2017 tax assessment for 2018, is any different than finding that a property's value has not changed from year to year; thus, no violation of the uniformity clause occurred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1714-19